TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00745-CV







In re Matthew Whitman







ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY





S U P P L E M E N T A L O R D E R

PER CURIAM

 Relator Matthew Whitman filed a petition for writ of habeas corpus on November 29,
2007. This Court denied his petition on December 1, and on December 11, Whitman filed a motion
for rehearing. On December 12, we requested a response from the real party in interest, and on
December 20, we granted the real party in interest an extension to file her response until January 5,
2007. The parties have since tendered a purported "Commitment Order (with work release)," which
recites that Whitman's suspended commitment for contempt was revoked for a failure to comply
with the trial court's orders. Whitman complains, and the partial record tendered thus far tends to
corroborate, that he was not present at the October 4 hearing, in which the trial court found that
Whitman had failed to comply with the court's orders and revoked the suspension of his contempt
commitment.

 Upon receipt of the real party in interest's response, we will consider the merits of
Whitman's complaints and will evaluate the relevant proceedings for compliance with family code
sections 157.066 ("Failure to Appear"), 157.101 ("Bond or Security for Release of Respondent"),
157.105 ("Release Hearing"), 157.115 ("Default Judgment"), 157.214 ("Motion to Revoke
Community Supervision"), 157.215 ("Arrest for Alleged Violation of Community Supervision"),
157.216 ("Hearing on Motion to Revoke Community Supervision"). Tex. Fam. Code Ann. §§
157.066, .101, .105, .115, .214-.216 (West 2002). Until that time, our December 20 order setting
a $5,000 bond as the condition of Whitman's release from custody will remain in effect.

 It is ordered December 21, 2006.


Before Chief Justice Law, Justices Puryear and Waldrop